UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SHAILJA GANDHI, REVOCABLE TRUST (November 6, 2002), AMIT VYAS, M.D., TRUPTI VYAS, MIHIR "MICK" MAJMUNDAR, M.D., AND MITA MAJMUNDAR | ) ) ) ) ) ) | Case No. 09 C 3141 |
| Plaintiffs, | ) ) | Judge Joan B. Gottschall |
| v. | ) ) | |
| SITARA CAPITAL MANAGEMENT, LLC, and RAJIV PATEL, | ) ) ) | |
| Defendants. | ) ) | |

### **MEMORANDUM OPINION & ORDER**[1]

Plaintiffs Shailja Gandhi Revocable Trust (November 6, 2002) ("Gandhi Trust"), Amit Vyas, M.D., and Trupti Vyas, ("the Vyases"), Mihir "Mick" Majmundar, M.D., and Mita Majmundar ("the Majmundars") (collectively, the "plaintiffs") brought this action pursuant to the Securities Exchange Act of 1934, the Employee Retirement Income Security Act of 1974 ("ERISA"), and various state causes of action after they lost their investment in Sitara Partners, L.P. ("Sitara Partners") which, they allege, was managed by defendants Rajiv Patel and Sitara Capital Management, LLC ("Sitara LLC") (collectively, the "defendants"). Presently before the court is the defendants' motion to dismiss the plaintiffs' amended complaint.[2] For the reasons stated herein, the motion is granted.

---

[1] The background facts underlying this case have been set forth in this Court's prior opinion and will not be repeated here. *See Shailja Gandhi Revocable Trust v. Sitara Capital Mgmt., LLC*, 689 F. Supp. 2d 1004, 1007 (N.D. Ill. 2010).

[2] The plaintiffs' cumbersome and disjointed amended complaint made it nearly impossible to determine whether the plaintiffs' factual allegations satisfied the requirements of Federal Rules of Civil Procedure eight and nine.

# I. LEGAL STANDARD

As the court explained in an earlier opinion:

On a Rule 12(b)(6) motion, the court must accept as true the allegations of the complaint and draw all reasonable inferences in favor of plaintiff. *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007) (internal citation omitted). Legal conclusions, however, are not entitled to any assumption of truth. *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1940, 173 L. Ed. 2d 868 (2009).

The Federal Rules of Civil Procedure distinguish between general claims and those asserting fraud or mistake. Generally, to survive a Rule 12(b)(6) motion, "the complaint need only contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting Fed. R. Civ. P. 8(a)(2)). The allegations must provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). Under Federal Rule of Civil Procedure 8(a)(2), the plaintiff bringing a general claim need not plead particularized facts, but the factual allegations in the complaint must be sufficient to "state a claim to relief that is plausible on its face[.]" *Id.* at 570, 127 S. Ct. 1955. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1940 (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. 1955).

Plaintiffs pleading fraud or mistake must plead with particularity the facts constituting that fraud or mistake. *See* Fed. R. Civ. P. 9(b). "This means the who, what, when, where, and how: the first paragraph of any newspaper story." *See DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990). The "who" in a multi-defendant fraud case such as this must itself be pled with particularity: "the complaint should inform each defendant of the nature of his alleged participation in the fraud," to the extent that such information is not uniquely within defendants' possession. *Vicom, Inc. v. Harbridge Merchant Servs., Inc.*, 20 F.3d 771, 777-78 & n.5 (7th Cir. 1994) (quoting *DiVittorio v. Equidyne Extractive Indus., Inc.*, 822 F.2d 1242, 1247 (2d Cir. 1987)).

Defendants assert that each plaintiff must allege his reliance on particular statements, an argument that finds support in a strong hint from the Seventh Circuit. *See Ackerman v. Nw. Mut. Life Ins. Co.*, 172 F.3d 467, 470-71 (7th Cir. 1999) (noting that "compliance with Rule 9(b) is burdensome" with hundreds of plaintiffs, "[b]ut you cannot get around the requirements of the rule just by joining a lot of separate cases into one."). The *Ackerman* court's guidance is consistent with its "who, what, when" guidance and with a straightforward reading of Rule 9(b), and so the court will analyze plaintiffs' complaint in this case for specific allegations by each plaintiff in those counts where Rule 9(b) applies.

Finally, plaintiffs have appended multiple exhibits to their complaint. While a Rule 12(b)(6) motion normally tests only the complaint itself, the court

properly considers these attachments as well. *Forrest v. Universal Savings Bank, F.A.*, 507 F.3d 540, 542 (7th Cir. 2007).

*Shailja Gandhi Revocable Trust v. Sitara Capital Mgmt., LLC,* 689 F. Supp. 2d 1004, 1007-08 (N.D. Ill. 2010).

## II. ANALYSIS

### A. Counts III-VIII, X, XV, and XVI[3]

The defendants argue that Counts III-VIII and X must be dismissed because plaintiffs do not allege reliance. In Counts III-VIII and X, the plaintiffs allege fraud in connection with the sale of securities in violation of § 10(b) of the Securities Exchange Act of 1934, as amended, 15 U.S.C. § 78j, Rule 10b-5, codified at 17 C.F.R. § 240.10b-5, and subsections (A), (F), (G), (I) and (J) of § 12 of the Illinois Securities Law of 1953, 815 Ill. Comp. Stat. 5/12. To state a claim sounding in fraud under these laws, the plaintiffs must allege reliance. *Stoneridge Inv. Partners, LLC v. Scientific Atlanta, Inc.*, 552 U.S. 148, 159, 128 S. Ct. 761, 169 L. Ed. 2d 627 (2008) (holding that reliance is an "essential element of the § 10(b) private cause of action"); *In re HealthCare Compare Corp. Secs. Litig.*, 75 F.3d 276, 280 (7th Cir. 1996) ("To state a valid Rule 10b-5 claim, a plaintiff must allege that the defendant (1) made a misstatement or omission, (2) of material fact, (3) with scienter, (4) in connection with the purchase or sale of securities, (5) upon which the plaintiff relied, and (6) that reliance proximately caused plaintiff's injuries." (citation omitted)); *Tirapelli v. Advanced Equities, Inc.*, 813 N.E.2d 1138, 1142 (Ill. App. Ct. 2004) ("Reasonable reliance is an element of sections 12(F), 12(G), and 12(I) of the Illinois

---

[3] Although the defendants originally moved to dismiss Counts X, XV, and XVI based on the plaintiffs insufficiently pleading a "holder" claim, (Defs.' Mem. in Supp. of Mot. to Dismiss ("Mot. to Dismiss") at 8), after the plaintiffs stated they were not asserting a "holder" claim in their response brief, (Pls.' Resp. to Defs.' Mot. to Dismiss ("Pls.' Resp.") at 6), the defendants sought to dismiss Counts X, XV, and XVI for failure to plead reliance because the claims sound in fraud and involve the same alleged conduct as Counts III-IX. (Defs.' Reply Mem. in Supp. of Mot. to Dismiss at 2.) Therefore, the court will not address the defendants' argument that the plaintiffs did not sufficiently plead a "holder" claim.

3

Securities Law . . . and Illinois common law fraud." (citations omitted)); *Borsellino v. Goldman Sachs Group, Inc.*, 477 F.3d 502, 507 (7th Cir. 2007) ("A claim that 'sounds in fraud' – in other words, one that is premised upon a course of fraudulent conduct – can implicate Rule 9(b)'s heightened pleading requirements."); *Shailja Gandhi Revocable Trust,* 689 F. Supp. 2d at 1013 ("Reasonable reliance is an element of fraud claims arising under the Illinois Securities Law.") (citation omitted).

In addition, in counts XV and XVI, the plaintiffs bring an Illinois common law fraud in the inducement claim and a fraudulent misrepresentation claim, respectively. Previously, after explaining that these claims were subject to Rule 9(b)'s heightened pleading standards, the court dismissed counts XV and XVI because the plaintiffs failed to plead with the requisite particularity. *Shailja Gandhi Revocable Trust,* 689 F. Supp. 2d at 1016-17. The court instructed that if the plaintiffs were to replead, the complaint must include, specifically as to each defendant and each plaintiff, "detailed allegations regarding relevant representations, acts in reliance on those representations and damages suffered as a result."[4] *Id.* at 1017.

In their response brief, the plaintiffs argue that the first amended complaint satisfies the reliance requirement by alleging in paragraphs 53, 54, and 55 that defendants' misrepresentations were made "with the intent to induce and which in fact induced each of the Plaintiff's individual investments." (Pls.' Resp. at 4 (citing Am. Compl. ¶¶ 53-55).) However, the cited paragraphs in the amended complaint do not state that the plaintiffs relied on or "were induced" by any of the misrepresentations; the cited paragraphs state only that defendants' misrepresentations were

---

[4] Both fraud in the inducement and fraudulent misrepresentation require, among other elements, that the person making the misrepresentation knew or believed the representation was false, and that the plaintiff relied on the misrepresentations. *See Enter. Recovery Sys., Inc., v. Salmeron*, 927 N.E.2d 852, 858 (Ill. App. Ct. 2010) (fraud in the inducement)*; Doe v. Dilling*, 888 N.E.2d 24, 35 (Ill. 2008) (fraudulent misrepresentation).

4

made "to induce" plaintiffs' investments. (FAC ¶¶ 53,54, 55.) Thus, although paragraphs 53, 54 and 55 contain the defendants' statements allegedly made "to induce" the plaintiffs, these paragraphs do not allege that any of the plaintiffs actually relied on the statements (or were induced to act by them). The defendants' intent that the statements cause the plaintiffs to act is different from the plaintiffs' reliance on the statements.

As best the court can ascertain, within the amended complaint's 180 paragraphs (containing numerous sub-paragraphs) there are only three vague and general statements that come close to alleging that the plaintiffs relied on the defendants' representations. None of these references satisfy Rule 9(b)'s particularity requirement, as the court explicitly instructed the plaintiffs in its previous order. *See Shailja Gandhi Revocable Trust,* 689 F. Supp. 2d at 1012. First, paragraph 48(G) states:

> Etc. – [Note, there are numerous other representations that are made in the *POM upon which each of these Plaintiffs relied* in making their initial and subsequent investments in the Fund, too numerous to re-state here. *See, generally*, POM, Exhibit 1, *passim*, incorporated herein by reference. Said additional references will be cited as appropriate below.]

(Am. Compl. ¶ 48(G) (emphasis added) (brackets in original).) Next, paragraph 94(A)(A), states "Patel induced investors, including the Plaintiffs to invest in Sitara Partners initially and subsequently by making the following false and misleading statements of fact." (Am. Compl. ¶ 94(A)(A).) The plaintiffs then list five alleged representations, but fail to provide any information as to who was "induced" by Patel's representations. (*See* Am. Compl. ¶ 95(A)(A)(1-5).) The last general allegation of reliance is in paragraph 175, which pertains to the alleged damages suffered by plaintiffs in Count XV: "Plaintiffs each reasonably relied on such false and misleading material misrepresentations and concealment of material facts to their

5

respective detriment . . . ." (Am. Compl. ¶ 175.) These three vague allegations of reliance fail to indicate which specific representations individual plaintiffs relied on.

Thus, although the plaintiffs' response brief states that the plaintiffs "relied on Defendants' representations" (Pls.' Resp. at 4.), none of the paragraphs in the amended complaint contain any statement that alleges with the requisite particularity that the plaintiffs relied on the defendants' misrepresentations or were in fact induced by them. As the court noted in its previous decision, "Argument in briefs . . . is no substitute for allegations in pleadings." *Shailja Gandhi Revocable Trust*, 689 F. Supp. 2d at 1016. Because the amended complaint does not state which plaintiffs actually relied on which representations, as required by Rule 9(b)'s particularity requirement, the plaintiffs fail to adequately allege reliance in Counts III-VIII, X, XV, and XVI. As a result, these claims fail and the defendants' motion to dismiss Counts III-VIII, X, XV, and XVI is granted.[5]

**B.     Count IX**

In its previous opinion, the court denied dismissal of Count IX because it did not sound in fraud. Because the plaintiffs amended Count IX so that it now contains one paragraph, paragraph 141, alleging fraud, the defendants move to dismiss it for failing to allege reliance. (*See* Mot. to Dismiss at 4; *see also* Am. Compl. ¶ 141.) As with the other claims alleging fraud,

---

[5]     The defendants also argue that Counts III, IV, and VII fail because the plaintiffs fail to plead scienter. (Mot. to Dismiss at 7.) Because the court has dismissed these counts for failure to allege reliance, the court does not reach the defendants' scienter argument. However, the court notes that the plaintiffs appear to misunderstand the scienter requirement. (*See* Pls.' Resp. at 6 ("Because the Complaint alleges that Patel made specific misrepresentations to the Plaintiffs to induce them to invest, *then later acted in utter disregard for those representations,* assurances and promises, the Complaint sufficiently alleges the Defendants acted with the requisite scienter." (emphasis added).) In a securities fraud claim, the defendant's misrepresentations must have been made with scienter; that is, the defendant must, at the time of the statement, have "'knowledge of the statement's falsity or reckless disregard of a substantial risk that the statement is false.'" *Pugh v. Tribune Co.*, 521 F.3d 686, 693 (7th Cir. 2008) (quoting *Higginbotham v. Baxter Int'l, Inc.*, 495 F.3d 753, 756 (7th Cir. 2007)). A plain reading of the allegations in the first amended complaint indicates that plaintiffs do *not* allege that the defendants' statements were actually false when made, but rather that the defendants' later "reckless" actions were contrary to the earlier statements, rendering the statements inaccurate. (*See* Am. Compl. ¶¶ 18, 56, 84, 85, 107.)

6

the plaintiffs fail to allege reliance. However, Count IX is brought under § 12(C) of the Illinois Securities Law, which does not require reliance, and alleges that the defendants failed to register as an investment adviser as required under Illinois law. Paragraph 141 appears to be misplaced as it specifically refers to a section other than § 12(C) and is unrelated to the other paragraphs in Count IX. Thus, Count IX is dismissed, and the plaintiffs may replead to remove paragraph 141.

Additionally, in a footnote, the defendants argue that the plaintiffs' claims under the Illinois Securities Law should be dismissed because the plaintiffs fail to allege that they gave notice of an election of rescission within six months after gaining knowledge that the securities were voidable, as required by the Illinois Securities Law. (Mot. to Dismiss at 6-7, n.2.) In response, the plaintiffs state that their complaint constitutes their notice to rescind and that the plaintiffs "would not have made such a representation in pleadings had the statutory requirements not been met." (Pls.' Resp. at 4, n.1.) Generally, arguments raised only in footnotes are waived. *See United States v. White*, 879 F.2d 1509, 1513 (7th Cir. 1989) ("[B]y failing to raise this issue other than by a passing reference in a footnote, White has waived it."). However, because the plaintiffs have responded to the merits of this argument, the court will address it as well.

Section 13 of the Illinois Securities Law allows the purchaser of a security to rescind any security transaction that was made in violation of the Act. 815 Ill. Comp. Stat. 5/13(A). However, in order to rescind the transaction, notice of the election to rescind must "be given by the purchaser within 6 months after the purchaser shall have knowledge that the sale of the securities to him or her is voidable." 815 Ill. Comp. Stat. 5/13(B). A complaint seeking rescission must allege that notice of the election to rescind was given within the six-month time limit. *Eldean v. Mitchell*, No. 07 C 6582, 2009 WL 674340, *3 (N.D. Ill. Mar. 13, 2009)

7

(determining that the complaint failed because the complaint did not allege that the plaintiff provided the required notice to defendant); *see also Reschal Assocs., Inc. v. Long Grove Trading Co.*, 754 F. Supp. 1226, 1236 (N.D. Ill. 1990) ("Where a plaintiff does not allege that he made such an election [to rescind], a claim for relief pursuant to section 12 cannot stand."). Here, the amended complaint does not allege that the plaintiffs provided the requisite notice; it alleges only that the complaint itself provides notice. (*See* Am. Compl. ¶¶ 116, 122, 128, 135, 142, 148 ("Contemporaneous herewith each Plaintiff provides, by this Complaint, notice to Defendants of the Plaintiffs' respective elections to rescind their respective purchases of Sitara Partners' Units under sections 13(A) and (B) of the Illinois Securities [Law]." )) Plaintiffs are granted leave to replead that they gave the requisite notice if they can do so consistent with their Federal Rule of Civil Procedure 11 obligations.

**C.     Count XI**

In Count XI, the plaintiffs allege violations of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 Ill. Comp. Stat. § 505/1 *et seq.* In its previous order, the court dismissed Count XI without prejudice instructing the plaintiffs to replead with greater particularity. The court specifically stated that a blanket reincorporation of previous paragraphs fails to satisfy the particularity requirements of Federal Rule of Civil Procedure 9(b). *Shailja Gandhi Revocable Trust,* 689 F. Supp. 2d at 1014. Nevertheless, Count XI in the amended complaint is unchanged, with factual allegations pled only through a blanket reincorporation of paragraphs 1-94.

In order to bring a claim under the ICFA, the plaintiffs must establish: "(1) a deceptive act or practice by the defendant; (2) the defendant's intent that the plaintiff rely on the deception; (3) that the deception occur in a course of conduct involving trade and commerce; and (4) actual

8

damage to the plaintiff; (5) proximately caused by the deception." *Sound of Music Co. v. Minnesota Mining & Mfg. Co.*, 477 F.3d 910, 923 (7th Cir. 2007) (citing *Oliveira v. Amoco Oil Co.*, 776 N.E.2d 151, 160 (Ill. 1998)). As with other claims involving fraud, an ICFA claim must be pled with particularity. *Davis v. G.N. Mortg. Corp.*, 396 F.3d 869, 882 (7th Cir. 2005). To show proximate causation, the plaintiffs must set forth individualized allegations that they actually saw and were deceived by the statements at issue. *De Bouse v. Bayer*, 922 N.E.2d 309, 315-16 (Ill. 2009) ("To maintain an action under the [ICFA], the plaintiff must actually be deceived by a statement or omission that is made by the defendant. If a consumer has neither seen nor heard any such statement, then she cannot have relied on the statement, and consequently, cannot prove proximate causation.")

The defendants argue that Count XI should be dismissed because the plaintiffs have failed to properly plead proximate causation by not alleging with particularity that they "saw, heard, or read the deceptive misrepresentations that caused them to make their investment." (Mot. to Dismiss at 11.) The plaintiffs failed to respond to this argument in their response brief, arguing only that the complaint identifies the specific acts Patel engaged in that violate the ICFA. (*See* Pls.' Resp. at 6-7.) The court agrees with the defendants.

As noted above, Count XI contains no separate factual allegations, only reincorporating paragraphs 1-94. Additionally, as with the other fraud claims, the plaintiffs have failed to plead that they actually read or heard any of the alleged misrepresentations and therefore do not meet the particularity pleading requirements. In their response brief, the plaintiffs state that paragraph 94 of the amended complaint "specifically identifies acts that violate the [ICFA]." (Pls.' Resp. at 7.) However, paragraph 94 contains only general allegations regarding Patel's representations and actions; it does not state that any of the plaintiffs saw or heard these representations. (*See*

Am. Compl. ¶ 94.) Because the plaintiffs failed to heed the court's previous instructions that Count XI must be pled with particularity, Count XI is dismissed.

**D. Count XII**

In Count XII, the Vyases and the Majmundars allege that the defendants breached the fiduciary duties owed to the plaintiffs under § 404 of ERISA, 29 U.S.C. § 1104, and seek the remedies provided for in ERISA § 409(a), 29 U.S.C. § 1109(a). The court previously dismissed this count because the plaintiffs: (1) did not describe the nature of their alleged ERISA investment in Sitara Partners; (2) failed to indicate by what authority they sought to recover for the breach of fiduciary duty; (3) failed to reveal the nature of their relationships to the ERISA plans; and (4) needed to include in their pleadings whether or not the ERISA count should be brought in the plaintiffs' individual capacities or derivatively. *Shailja Gandhi Revocable Trust,* 689 F. Supp. 2d at 1015-16. The court instructed the plaintiffs that if they chose to replead, they must clearly indicate if the investments made through the ERISA plans were equity investments, state by what authority they sought to recover for the breach of a fiduciary duty, plead their relationship to the ERISA plans, and indicate whether bringing suit individually instead of derivatively was appropriate. *Id.* Even though the court provided specific instructions if the plaintiffs chose to replead, the plaintiffs have again failed to properly plead Count XII.

In their response brief, the plaintiffs indicate that they are proceeding under § 502(a)(2).[6] (*See* Pls.' Resp. at 7.) ERISA § 502(a) provides that the Secretary of Labor, or a plan participant, beneficiary or fiduciary may bring a civil action for "appropriate relief under section 1109 of this title." 29 U.S.C. § 1132(a)(2). The Vyases and Majmundars have not indicated that

---

[6] If they choose to replead, the plaintiffs should indicate in their complaint that the ERISA breach of fiduciary duties claim is brought pursuant to § 502(a)(2).

they are a plan participant, beneficiary or fiduciary. If repled, each plaintiff should indicate, for each ERISA qualified plan at issue, that plaintiff's relationship with the plan.

Section 1109 provides:

> Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good *to such plan* any losses to the plan resulting from each such breach, and to restore *to such plan* any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary . . . .

29 U.S.C. § 1109 (emphasis added). The amended complaint does not state that the ERISA claims are brought on behalf of the ERISA qualified plans. While the Vyases and the Majmundars need not use derivative suit language, *see Waldron v. Dugan*, No. 07 C 286, 2007 WL 4365358, *5-*6 (N.D. Ill. Dec. 13, 2007) (declining to require a plan participant to bring a § 502(a)(2) claim derivatively or as a class action), they must bring the action on behalf of their respective ERISA-qualified plans. *See* 29 U.S.C. § 1109; *see also LaRue v. DeWolff*, 552 U.S. 248, 253 (2008) ("[Section 502(a)(2)] authorizes the Secretary of Labor as well as plan participants, beneficiaries, and fiduciaries, to bring actions *on behalf of a plan* to recover for violations of the obligations defined in § 409(a)." (emphasis added)); *id.* at 256 ("[A]lthough § 502(a)(2) *does not provide a remedy for individual injuries distinct from plan injuries*, that provision does authorize recovery for fiduciary breaches that impair the value of plan assets in a participant's individual account." (emphasis added)). Thus, if the plaintiffs choose to replead, they must indicate that they are bringing the claim on behalf of their respective ERISA qualified plans, and that any requested relief is for the benefit of the harmed plans, respectively.

For the foregoing reasons, Count XII is dismissed; plaintiffs are granted leave to replead as discussed above.

### E. Count XIII

Count XIII consists of a state-law breach of contract claim for an alleged breach of the Limited Partnership Agreement. The court previously dismissed Count XIII because the plaintiffs did not identify the provision of the Limited Partnership Agreement that was allegedly breached. *Shailja Gandhi Revocable Trust,* 689 F. Supp. 2d at 1016. Count XIII in the plaintiffs' amended complaint is unchanged; it again does not identify the provision of the agreement allegedly breached. The plaintiffs argue that the breach of contract claim is brought based on the implied covenant of good faith and fair dealing. (Pls.' Resp. at 7.) Again, "[a]rgument in briefs . . . is no substitute for allegations in pleadings." *Shailja Gandhi Revocable Trust*, 689 F. Supp. 2d at 1016. In addition, a breach of contract claim under Illinois law cannot be based solely on the implied duty of good faith and fair dealing. *See Lyon Fin. Servs., Inc. v. AKB Enterprises, Inc.*, No. 09 C 6119, 2010 WL 1978703, *2 (N.D. Ill. May 17, 2010) ("Under Illinois law, 'the covenant of good faith and fair dealing is not an independent source of duties for parties to a contract.'" (quoting *Fox v. Heimann*, 872 N.E.2d 126, 134 (Ill. App. Ct. 2007))). Count XIII is therefore dismissed.

### F. Count XIV

As in their original complaint, "[i]n Count XIV, [the] plaintiffs bring a state-law claim for breach of fiduciary duty, alleging that the defendants breached fiduciary duties they owed to Sitara Partners." *Shailja Gandhi Revocable Trust*, 689 F. Supp. 2d at 1016. The court previously dismissed Count XIV because the complaint inadequately pled the nature of the plaintiffs' interest in Sitara Partners, and it was therefore unclear if the breach of fiduciary duty claim should be brought as a direct or derivative claim. *Id.* As was discussed in the previous order, "if [the plaintiffs] allege that they are limited partners, then they may have a derivative

claim on behalf of the partnership." *Id.* (citing *Caparos v. Morton*, 845 N.E.2d 773, 781-82 (Ill. App. Ct. 2006)). "However, unless plaintiffs have suffered some injury separate from the other partners in Sitara Partners, they likely do not have an individual claim for breach of fiduciary duty." *Id.* (citing *Caparos v. Morton*, 845 N.E.2d at 781-82).

Although the amended complaint still does not explicitly state that the plaintiffs are limited partners in Sitara Partners, the plaintiffs, in their response to the defendants' motion to dismiss, state, "[T]he Complaint identifies the securities as limited partnership interests." (Pls.' Resp. at 8.) Thus, the plaintiffs seek to bring a direct claim. However, the plaintiffs fail to allege any injury separate from the other partners.

The plaintiffs' argument that injury to their individual investments in the limited partnership, based on the breach of fiduciary duty by a general partner, constitutes an individual injury and the plaintiffs are therefore "not alleging any injury to the partnership," (Pls.' Resp. at 9), is incorrect. *Caparos* specifically states that a limited partner's claim against a general partner for breach of fiduciary duty relating to the decrease in value of that limited partner's shares in the limited partnership *must* be brought in a derivative action. *Caparos*, 845 N.E.2d at 781 ("Limited partners seeking redress for the decreased value of their shares in the limited partnership must do so in a derivative action."). Indeed, *Caparos* further explains that "a claim that the general partners' misconduct resulted in a diminished income to the partnership and a decrease in the value of the limited partners' interest in the venture states a derivative claim." *Id.* at 782. Here, the decrease in value of the plaintiffs' individual investments, which were diminished by the defendants' alleged breach of fiduciary duties, is not a distinct injury from that suffered by other limited partners and therefore must be brought as a derivative claim.

Given the foregoing, Count XIV is dismissed.

## G. Count XVIII

In Count XVIII, the plaintiffs seek to hold Sitara LLC liable for Patel's actions under the theory of *respondeat superior*. Since there are no surviving causes of action on which to base this claim, Count XVIII is dismissed.

### III. CONCLUSION

For the reasons stated above, the defendants' motion to dismiss is granted. Counts III through XVIII are dismissed. The plaintiffs are granted 21 days to replead Counts IX, XII, and XVIII (which appear susceptible to correction) via an amended complaint if they can do so consistent with their Federal Rule of Civil Procedure 11 obligations.

ENTER:

/s/
JOAN B. GOTTSCHALL
United States District Judge

DATED: February 25, 2011